## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| BOARD OF TRUSTEES SHEET METAL WORKERS' NATIONAL PENSION FUND, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>BAYAREA BALANCING AND CLEANROOMS, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 1:23-cv-0121 (MSN/LRV)<br>)<br>)<br>)<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiffs' Motion for Default Judgement Pursuant to Federal Rule of Civil Procedure 55(b) (Dkt. No. 25). Pursuant to 28 U.S.C. § 636(b)(1)(C), and upon consideration of all relevant filings in this matter, the undersigned Magistrate Judge files this Report and Recommendation, a copy of which will be provided to all interested parties.

### I.  Introduction

Plaintiffs are the separate and individual Boards of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF"), the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), the Sheet Metal Workers' Occupational Health Institute Trust ("SMOHIT"), and the National Energy Management Institute Committee ("NEMIC") (collectively, "the Funds"). On January 27, 2023, Plaintiffs filed this action pursuant to Sections 502(a)(3), (d)(1), (g)(2), and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), *as amended*, 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2) and 1145, and Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), *as amended*, 29 U.S.C. § 185(a). (*See*

Dkt. No. 1 ¶ 1.)  On August 18, 2023, after learning of factual inaccuracies alleged in the complaint, Plaintiffs filed the amended complaint (Dkt. No. 21), which is the operative complaint. The Funds seek to collect a monetary judgment against Defendant BayArea Balancing and Cleanrooms, Inc. ("BayArea Balancing") consisting of contribution liability, accrued interest, liquidated damages, and attorneys' fees and costs, pursuant to a collective bargaining agreement ("CBA") between Defendant and the International Association of Sheet Metal, Air, Rail, and Transportation Workers (f/k/a the Sheet Metal Workers' International Association), Local Union No. 104, as well as a subscription agreement covering certain fringe benefits entered into by Defendant. (*See id.* ¶¶ 1, 11–12, 14.)

Defendant BayArea Balancing has failed to appear in this matter or otherwise respond to Plaintiffs' amended complaint.  After the Clerk of Court entered default against Defendant on September 22, 2023 (Dkt. No. 24), Plaintiffs filed the instant motion, accompanying memorandum, declarations, and supporting documentation.[1]  Defendant failed to appear at the October 20, 2023 hearing on Plaintiffs' Motion for Default Judgment and the Court took this matter under advisement to issue this Report and Recommendation. (*See* Dkt. No. 28.)

## II.   Legal Standard

Federal Rule of Civil Procedure 55 provides that default judgment may be entered when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a)–(b).  Although a defaulting defendant is deemed to have admitted

---

[1] The record includes the amended complaint (Dkt. No. 21); affidavit of service (Dkt. No. 22); the Clerk's September 22, 2023 entry of default against Defendant BayArea Balancing (Dkt. No. 24); Plaintiffs' Motion for Default Judgment Pursuant to Fed. Civ. P. 55(b) (Dkt. No. 25); Plaintiffs' Brief in Support of Plaintiffs' Motion for Default Judgment (Dkt. No. 26); the declaration of Robert Geisler and exhibits thereto (Dkt. No. 26-1); and the declaration of Diana M. Bardes and exhibits thereto (Dkt. No. 26-2).

the well-pleaded allegations of fact set forth in the complaint, *see* Fed. R. Civ. P. 8(b)(6), conclusions of law or "allegations regarding liability that are not well-pleaded" are not deemed admitted. *Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 540 (D. Md. Feb. 2, 2011) (internal quotation marks and citations omitted)); *accord JTH Tax, Inc. v. Grabert*, 8 F. Supp. 3d 731, 736 (E.D. Va. 2014) (quoting *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)). Before entering default judgment, therefore, the Court must determine whether the facts, as alleged in Plaintiffs' amended complaint, state a claim for relief. *JTH Tax, Inc.*, 8 F. Supp. 3d at 736 (citing *Anderson v. Found. for Advancement, Educ. & Emp. of Indians*, 187 F.3d 628 (4th Cir. 1999) (unpublished table decision)). The Court must also find that there is subject-matter jurisdiction, personal jurisdiction over the defaulting defendant, and that venue and service of process are proper. *See Bd. Trs., Sheet Metal Workers' Nat'l Pension Fund v. Sun-Air Sheet Metal, Inc.*, 1:22CV1143, 2023 WL 4167052, at *1 (E.D. Va. May 5, 2023), *report and recommendation adopted*, 2023 WL 4157628, at *1 (E.D. Va. June 22, 2023).

## III.   Jurisdiction and Venue

First, the Court has subject matter jurisdiction pursuant to 29 U.S.C. §§ 185(c), 1132(e), 1132(f), and 28 U.S.C. § 1331, because this case arises under two federal statutes—ERISA and the LMRA. (*See* Dkt. No. 21 ¶¶ 1–2.)

Second, the Court has personal jurisdiction over Defendant pursuant to ERISA's nationwide service of process provision, 29 U.S.C. 1132(e)(2), which permits an ERISA action to be brought in federal court in a district "where the plan is administered" and process to be "served in any other district where a defendant resides or may be found." *See Trs. Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs.*, 791 F.3d 436, 443–44 (4th Cir. 2015) ("Where a defendant has been validly served pursuant to a federal statute's nationwide service of process provision, a

district court has personal jurisdiction over the defendant so long as jurisdiction comports with the Fifth Amendment."). Here, the Funds are administered in Falls Church, Virginia, which is within this district. (*See* Dkt. No. 21 ¶ 3.) Defendant, which is incorporated in California and has its principal place of business in San Jose, California (*id.* ¶ 10), was properly served there pursuant to California law, as discussed further below. (*See* Dkt. No. 22.) Because there are no facts suggesting that litigating in this Court would cause an inconvenience to Defendant that would "rise to a level of constitutional concern," 791 F.3d at 444 (quoting *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 626–27 (4th Cir. 1997)), the Court has personal jurisdiction over Defendant BayArea Balancing.

Finally, venue is proper in this Court pursuant to 29 U.S.C. §§ 185(c), 1132(e)(2), because the Funds are administered in Falls Church, Virginia, which is within this District. (*See* Dkt. No. 21 ¶¶ 3, 5–8.)

## IV.    Service of Process

Before rendering default judgment, the Court must find that Defendant BayArea Balancing has been properly served. Under ERISA, 29 U.S.C. § 1132(e)(2), service of process is proper in any district where a defendant resides or may be found. Pursuant to Federal Rule of Civil Procedure 4(h), service upon a corporate entity, such as Defendant, in the United States must be made "in the manner prescribed by Rule 4(e)(1) for serving an individual" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1). Under Rule 4(e), service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Thus, because Plaintiffs sought to serve Defendant in California,

where it is incorporated, Plaintiffs were permitted do so in a manner permitted under California law.

On April 20, 2023, the Court granted Plaintiffs' motion for alternative service of the original complaint and summons and ordered that "service of process be made upon Defendant by delivering a copy of the summons and Complaint to the Secretary of State of the State of California in accordance with Section 1702 of the California Corporations Code." (Dkt. No. 6 at 4.) Section 1702(a) of the California Corporations Code provides:

> If an agent for the purpose of service of process . . . cannot with reasonable diligence be found at the address designated for personally delivering the process . . . and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand . . . the court may make an order that the service be made upon the corporation by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing such service.

Cal. Corp. Code § 1702(a).  On August 16, 2023, the Court granted Plaintiffs leave to file the amended complaint and directed Plaintiffs to serve a copy of the amended complaint on Defendant "by following the procedures outlined in the Court's April 20, 2023 Order" and by emailing a copy of the amended complaint "to any email address that Plaintiffs may have for Defendant and/or its purported counsel." (Dkt. No. 20 at 2.)  On August 18, 2023, Plaintiffs delivered a copy of the amended complaint on the California Secretary of State, through authorized deputy Silvia Huston. (*See* Dkt. No. 22.)   Pursuant to California law, service of the amended complaint was deemed complete ten days later—on August 28, 2023.   (*See* Dkt. No. 6 at 3 (citing Cal. Corp. Code § 1702(a)); Dkt. No. 23-1 ¶ 6.)  Accordingly, service of process on Defendant was proper pursuant to 29 U.S.C. § 1132(e)(2), as well as Federal Rule of Civil Procedure 4(h).

## V.    Grounds for Entry of Default

In accordance with Federal Rule of Civil Procedure 15(a), Defendant BayArea Balancing was required to respond to the amended complaint by September 11, 2023—fourteen (14) days after service was deemed complete on August 28, 2023. *See* Fed. R. Civ. P. 15(a)(3). No responsive pleading has been filed, and the time for doing so has since expired. (*See* Dkt. No. 23-1 ¶¶ 6–8.) On September 21, 2023, Plaintiffs filed a request for entry of default against Defendant (Dkt. No. 23), which the Clerk of Court entered on September 22, 2023 (Dkt. No. 24). Accordingly, because notice of this action was proper and Defendant has not responded to the amended complaint or otherwise taken any action to defend this action, the Clerk of Court properly entered a default as to Defendant BayArea Balancing.

## VI.    Liability

Because a default has been entered, Defendant BayArea Balancing is deemed to have admitted the well-pled factual allegations in Plaintiffs' amended complaint. *See* Fed. R. Civ. P. 8(b)(6); *JTH Tax, Inc.*, 8 F. Supp. 3d at 736. Based on those allegations, and as supported by Plaintiffs' Motion for Default Judgment and the memorandum, declarations, and exhibits thereto (Dkt. Nos. 25 through 26-2), the undersigned recommends a finding that Defendant is liable to Plaintiffs for the alleged unpaid contributions, as explained in detail below.

Plaintiffs in this action are pursuing default judgment against Defendant under ERISA and the LMRA. Pursuant to ERISA, 29 U.S.C. § 1145, employers are required to comply with their obligations to multiemployer plans by making contributions in accordance with the terms and conditions of the plan or collective bargaining agreement. To enforce this requirement, ERISA allows for the recovery of delinquent contributions in federal court along with pre- and post-judgment interest, liquidated damages, and attorneys' fees and costs. *See* 29 U.S.C. § 1132.

Additionally, the LMRA, 29 U.S.C. § 185(a), provides a federal cause of action for breach of a collective bargaining agreement. This provision provides a separate basis for relief apart from the enforcement provisions of ERISA that were "intended to supplement rather than supersede the rights existing under 29 U.S.C. § 185(a)." *Bugher v. Feightner*, 722 F.2d 1356, 1359 (7th Cir. 1983).

Here, Plaintiffs are employee benefit plans/trust funds or joint labor-management organizations administered from offices located in Falls Church, Virginia. (*See* Dkt. No. 21 ¶¶ 5– 8; Dkt. No. 26-1 ¶ 3.) NPF and ITI are jointly administered trust funds created and maintained pursuant to 29 U.S.C. § 186(c) and are "multiemployer plans" within the meaning of ERISA, 29 U.S.C. § 1002(37). (Dkt. No. 21 ¶¶ 5–6.) Plaintiffs, the Trustees of NPF and ITI, are "fiduciaries" within the meaning of 29 U.S.C. § 1002(21)(A), and they are empowered to bring this action pursuant to 29 U.S.C. §§ 1132(a)(3), 1132(g)(2). (*Id.*) Additionally, SMOHIT and NEMIC are labor management organizations and are created and maintained pursuant to 29 U.S.C. § 186(c). (*Id.* ¶¶ 7–8.) Plaintiffs bring this action in their collective names or, as necessary or appropriate, in the name of the respective trusts or plans, and their participants, and beneficiaries pursuant to Federal Rule of Civil Procedure 17. (*Id.* ¶ 9.)

Defendant BayArea Balancing is a California corporation with its principal place of business in San Jose, California. (*Id.* ¶ 10.) At all times relevant to this action, Defendant was an employer in an industry affecting commerce under ERISA, 29 U.S.C. §§ 1002(5), (11), (12), and employed employees represented for the purposes of collective bargaining by Local Union 104. (*Id.* ¶ 11.)

The Bay Area Association of SMACNA Chapters ("SMACNA") negotiated a series of CBAs on behalf of its members with Local 104. (Dkt. No. 26-1 ¶ 4.) One such agreement was

effective for the period of July 1, 2006, through June 30, 2010. (*Id.*; *see also id.* at 9.) The 2006

CBA provided that

> [b]argaining unit employees hereunder shall include owner/members. . . .
> Owner/members shall pay all fringe benefit contributions and dues on all
> actual hours worked with the tools, pursuant to this Agreement, the actual
> hours worked under the Collective Bargaining Agreement or the minimum
> contribution hours set from time to time by the Trustees of the Funds stated
> in this Agreement, whichever is greater.

(*Id.* at 22–23.)  A series of Memoranda of Understanding ("MOUs") between Local 104 and

SMACNA modified and extended the terms of the 2006 CBA through June 28, 2026. (*See id.*

¶¶ 5–6; *id.* at 61–62, 65.)  Because the MOUs extended the terms of the 2006 CBA through June

28, 2026, any employer who became a signatory employer during that period was bound to any

renegotiations between Local 104 and SMACNA including the MOUs extending the terms of the

2006 CBA. (*Id.* ¶ 7.)  In other words, all signatory employers to the 2006 CBA remained bound

to the successive MOUs extending its terms through 2026.  Signatories to the CBAs are also

obligated to abide by the terms and conditions of the Trust Agreements establishing the Funds,

including any amendments thereto and policies and procedures adopted by the Boards of Trustees

("Trust Documents"). (Dkt. No. 21 ¶ 18.)

On May 17, 2013, Defendant signed a MOU agreeing to be bound by the terms of the CBA

between Local 104 and SMACNA in place at that time. (Dkt. No. 26-1 ¶ 9; *see id.* at 149.) The

CBA at that time required that each signatory employer agreed to be bound by any renegotiations

between Local 104 and SMACNA because Article XVI, Section 4 of the 2006 CBA had not been

modified by any of the MOUs. (Dkt. No. 26-1 ¶ 9.) Defendant thus remained bound to the 2006

CBA and the MOUs that extended its terms. (*Id.*)  Additionally, on May 17, 2013, Defendant

signed a Subscription Agreement, which requires that contributions to all trusts and plans specified

in the relevant CBAs shall be payable for all hours worked by owner-members with a minimum

contribution of 80 hours per month required on behalf of each owner-member employed at any time during a month.  (Dkt. No. 21 ¶¶ 14–15; Dkt. No. 26-1 ¶ 11; *see* Dkt. No. 26-1 at 72.)  The Subscription Agreement remains in effect for so long as the signatory employer remains party to the CBAs and/or so long as the owner-member maintained owner-member status.  (Dkt. No. 21 ¶ 16; Dkt. No. 26-1 at 77.)  Thus, because Defendant remained bound to the 2006 CBA and the MOUs that extended its terms, Defendant also remained bound to the Subscription Agreement.

Pursuant to the 2006 CBA, Defendant was obligated to submit monthly remittance reports and fringe benefit contributions to NPF, ITI, SMOHIT, and NEMIC for all hours worked on behalf of Defendant's covered employees, including owner-members, within the jurisdiction of Local 104. (Dkt. No. 21 ¶ 12; Dkt. No. 26-1 ¶ 16.)  Mark Avila, the owner of Defendant, was an owner-member until September 2020. (Dkt. No. 21 ¶¶ 17, 25; Dkt. No. 26-1 ¶ 19.)  Accordingly, pursuant to the 2006 CBA and Subscription Agreement, Defendant was obligated to pay fringe benefit contributions on behalf of Mr. Avila for his actual hours worked or the minimum contribution of 80 hours per month. (Dkt. No. 21 ¶¶ 17, 21; Dkt. No. 26-1 ¶ 14.)  According to the Funds' records, however, Defendant stopped reporting and contributing owner-member contributions in March 2019. (Dkt. No. 21 ¶ 25; Dkt. No. 26-1 ¶¶ 19–20.)  Defendant thus failed to fulfill its contractual obligations for the period of March 2019 through September 2020 for owed owner-member contributions under the 2006 CBA and the Subscription Agreement, to which Defendant remained bound. (Dkt. No. 21 ¶ 25.)  Accordingly, the undersigned recommends a finding that Defendant is liable to the Funds for the unpaid owner-member contributions due for Mark Avila for this period under ERISA and the LMRA. *See* 29 U.S.C. §§ 185, 1132, 1145.

## VII.    Damages

Pursuant to ERISA and the Trust Documents, a delinquent employer, such as Defendant, may be required to pay the following, in addition to the unpaid contributions: (a) interest on the unpaid contributions at a rate of 0.0233% per day, compounded daily; (b) liquidated damages equal to the greater of: (i) interest on the delinquent contributions at the above rate, or (ii) twenty percent (20%) of the delinquent contributions owed upon commencement of litigation; and (c) the reasonable attorneys' fees and costs incurred by the Funds in pursuing the delinquent contributions, including those incurred in this action. *See* 29 U.S.C. § 1132(g)(2); Dkt. No. 26-1 ¶¶ 15–16, 18; *see also id.* at 102–03.

Here, Plaintiffs submitted a declaration from Robert Geisler, the Collections Manager for NPF, in support of their claim for damages.  (Dkt. No. 26-1.)  According to Mr. Geisler's declaration, Defendant BayArea Balancing failed to submit the required remittance reports detailing hours worked and contributions owed for owner-members for the months of March 2019 through September 2020. (*Id.* ¶ 20.) The Funds, therefore, have calculated the amounts due from Defendant based on the owner-member minimum contribution hours of 80 hours per month, as set forth in the Subscription Agreement and as required by the 2006 CBA. (*Id.*) Pursuant to ERISA, 29 U.S.C. § 1132(g)(2) and the Trust Documents, Defendant owes the following amounts for the period of March 2019 through September 2020: contributions in the amount of $3,328.80, interest in the amount of $1,262.57 (calculated through October 20, 2023), and liquidated damages in the amount of $1,262.57.[2] (Dkt. No. 26-1 ¶¶ 21–22; *see also id.* at 147.) Accordingly, the undersigned

---

[2] Although Paragraph 21 of Mr. Geisler's declaration asserts that Defendant owes only $1,200.68 in liquidated damages, Plaintiffs' Motion asserts that Defendant owes $1,262.57 in liquidated damages, which is the amount equal to the interest owed on the unpaid contributions through October 2023. (*See* Dkt. No. 26-1 at 147.)

recommends a finding that Defendant BayArea Balancing owes a total of **$5,853.93** to the Funds

resulting from the delinquent owner-member contributions for the period March 2019 through

September 2020.

## VIII.    Attorneys' Fees and Costs

Plaintiffs request an award of attorneys' fees and costs in the amount of $7,194.94 pursuant

to ERISA, 29 U.S.C. § 1132(g), and the Trust Documents. (*See* Dkt. No. 26 at 13; Dkt. No. 26-1

at 103.)  In support of their request, Plaintiffs submitted a declaration from Diana M. Bardes,

Plaintiffs' counsel of record, detailing the fees and costs incurred in connection with prosecuting

this action. (Dkt. No. 26-2.)  The total amount of the attorneys' fees incurred was $6,443.00 for

31.9 hours of billable work. (*Id.* ¶ 5.)  The hourly rate charged for attorney time was either $250.00

or $275.00 and for paralegal time was either $140.00 or $150.00. (*Id.*)  Counsel spent time drafting

a demand letter, drafting and filing the amended complaint, arranging for service of process, filing

for an entry of default, and drafting Plaintiffs' Motion for Default Judgment and supporting

memorandum and declarations. (*Id.*)  Notably, "Plaintiffs are not seeking fees associated with

drafting its initial complaint, its initial motion for default judgment, or its motion for leave to file

an amended complaint. Plaintiffs are only seeking fees associated with the pleadings which were

necessary to obtaining the default judgment sought in this motion." (Dkt. No. 26 at 13 n.6; *see*

*also* Dkt. No. 26-2 at 6–8, 13–21 (highlighted entries excluded from Plaintiffs' attorneys' fees

request).)

Upon review of counsel's time entries, the undersigned finds that the number of hours

counsel expended on the matter is reasonable and that the hourly rates charged are consistent with

reasonable rates charged in the Eastern District of Virginia for similar matters. *See, e.g., Bd. Trs.,*

*Sheet Metal Workers' Nat'l Pension Fund v. J&J Advanced Thermal Sols., Inc.,* 1:22CV557, 2022

WL 3500201, at *5 (E.D. Va. Aug. 1, 2022), *report and recommendation adopted*, 2022 WL 3448040 (E.D. Va. Aug. 17, 2022) (finding 20.6 hours of work billed at the rate of $275 per hour for attorney time and $150 per hour for paralegal time in ERISA action was reasonable); *Bd. Trs., Sheet Metal Workers' Nat'l Pension Fund v. J. Strober & Sons Roofing, LLC*, 121CV1405LOTCB, 2022 WL 1598955, at *6 (E.D. Va. Apr. 21, 2022), *report and recommendation adopted*, 2022 WL 1597825 (E.D. Va. May 19, 2022) (finding 24.2 hours of billable work at the rate of $275 per hour for attorney time and $150 per hour for paralegal time in ERISA action was reasonable). Finally, Plaintiffs have requested an award of costs in the amount of $1,168.74—comprised of $402.00 in filing fees, $751.94 in process server fees,[3] and $14.80 in postage—which is reasonable. (*See* Dkt. No. 26-2 ¶ 6.)

## IX.    Recommendation

For the reasons stated above, the undersigned recommends that the Court enter an order (1) granting Plaintiffs' Motion for Default Judgment (Dkt. No. 25), and (2) entering judgment against Defendant BayArea Balancing and Cleanrooms, Inc. in the amount of **$13,048.87**, which includes amounts due for unpaid contributions, interest, and liquidated damages totaling **$5,853.93**, and attorneys' fees and costs totaling **$7,194.94**.

## X.    Notice

The parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72(b), must be filed within fourteen (14) days

---

[3] Plaintiffs made several attempts to serve Defendant prior to moving for leave to effectuate service on the California Secretary of State, as required under California law. *See* Cal. Corp. Code § 1702(a) (requiring party to show "reasonable diligence" has been made to serve defendant). The cost associated with these attempts is reasonable.

of its service.  Failure to timely object waives appellate review of the substance of this Report and

Recommendation and any judgment or decision based on it.

Plaintiffs are directed to send copies of this Report and Recommendation to Defendant

BayArea Balancing and Cleanrooms, Inc. at its last known address, as well as via email to

Defendant's owner/member, Mark Avila, at the email address Plaintiffs have for Mr. Avila.

Plaintiffs are directed to file a certificate of service indicating the date(s) that the copies were sent.

**The fourteen-day period for filing objections will be begin on the date the Report and**

**Recommendation was sent by Plaintiffs' counsel to Defendant BayArea Balancing and**

**Cleanrooms, Inc. and Mr. Avila.**

ENTERED this 3rd day of November, 2023.

_____/s/_____
Lindsey Robinson Vaala
United States Magistrate Judge

_____
Lindsey Robinson Vaala
United States Magistrate Judge

Alexandria, Virginia

13